```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 12-23351-Civ-MORENO
                                    MAGISTRATE JUDGE P.A. WHITE

JOHN A. SCOTT,                      :

      Petitioner,                   :

v.                                  :       REPORT OF
                                            MAGISTRATE JUDGE
MICHAEL D. CREWS¹,                  :

      Respondent.                   :
```

## I. Introduction

John Scott, who is presently confined at Jackson Correctional Institution in Malone, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his conviction in case number F06-6835 from the Eleventh Judicial Circuit Court for Miami-Dade County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus with a memorandum and exhibits, and the Respondent's response to an order to show cause with appendix of exhibits. The petitioner asked for and was given an extension of time until March 26, 2013 to file a reply. No reply was filed by that date.

---

[1] Michael D. Crews replaced Kenneth S. Tucker as Secretary of the Florida Department of Corrections and is substituted as party pursuant to Fed.R.Civ.P. 25(d).

## II. Procedural History

The petitioner was charged by amended information with attempted first degree murder with a firearm (Count 1) and aggravated assault with a firearm (Count 2). (DE# 14-1, p. 13-15). The victim was the petitioner's wife. The petitioner pled not guilty. After a jury trial the he was acquitted of Count 1 and found guilty of Count 2. (DE# 14-1, p. 5-7).

At trial the state presented the testimony of three witnesses to the shooting. The petitioner's wife identified the petitioner as the person who shot at her as she was leaving church and sitting in her sister's car. The petitioner's sister-in-law also identified the petitioner as the person who did the shooting. Additionally, a deacon from the church identified the petitioner as the shooter. The sister-in-law and the deacon testified that before shooting the petitioner was threatening his wife. The state also presented photographic evidence showing what were identified as bullet holes in the car in which the petitioner's wife was sitting. In defense the petitioner's counsel argued that the petitioner did not intend to harm his wife, acknowledging that the case was not a question of identity. Counsel argued that the petitioner was guilty of improper display of a firearm and discharging a firearm.

On appeal the petitioner raised a single issue, arguing that the trial court erred by allowing the prosecutor to argue that he would not be properly punished if convicted only of the lesser offense. He argued that the trial court abused its discretion in denying his motion for mistrial. On September 16, 2009 the appellate court affirmed the petitioner's conviction and sentence. <u>Scott v. State</u>, 22 So.3d 557 (Fla. 3d DCA 2009).

On December 4, 2009 the petitioner filed a motion for post

conviction relief in the trial court. (DE# 14-4, p. 86-95). In that motion he argued that trial counsel was ineffective for (1) failing to conduct an adequate investigation after learning that the state had a projectile that was allegedly fired during the crime and (2) failing to object to the introduction of the projectile. The petitioner filed an amendment to his motion adding factual allegations and argument in support of his first claim. (DE# 14-5, p. 7-16). On December 3, 2010 the petitioner, now represented by counsel, filed an amended motion for post conviction relief. (DE# 14-5, p. 19-24). The amended motion adopted the two claims raised in the first motion and added a third claim. In the third claim the petitioner contended that as a result of counsel's misunderstanding of the elements of aggravated assault he conceded the petitioner's guilt on this charge when he admitted that the petitioner fired the gun but did not intend to harm his wife.

A hearing was held on the motion. (DE# 14-5, p. 35-77). Other than excerpts from the trial, no evidence was presented at the hearing. At the hearing the petitioner argued that no competent attorney could fail to understand the elements of aggravated assault. He further argued that because of the misunderstanding counsel conceded his guilt on the aggravated assault charge.

After hearing argument the trial court entered an order denying the motion. (DE# 14-6, p. 2-19). The court found that the first two claims were without merit. As to the third claim, the court found that counsel's performance was deficient in that counsel conceded the petitioner's guilt on the aggravated assault charge; the petitioner did not expressly concur with that concession; and the concession was based upon counsel's misconception of the elements of aggravated assault. However, despite the characterization of counsel's performance as deficient under Strickland, the court found that the petitioner suffered no

prejudice. The court reviewed the evidence presented at trial to find that the evidence of guilt was overwhelming. The court noted that the petitioner was identified by three eyewitnesses, all of whom knew the petitioner. The three eyewitnesses described the same events as perceived from their perspectives. According to the testimony the petitioner approached his wife as she sat in a car. He called out to her and fired at least five shots. The first two shots were fired into the air and the final shots were fired in the direction of the car.  The court noted that from the evidence presented there was "no basis in the evidence for the jury *not* to conclude that [the petitioner] was guilty of aggravated assault." (DE# 14-6, p. 18, emphasis in original).  The court made a further point, noting that although counsel's performance was "deficient" for purposes of Strickland analysis, counsel was able to achieve an acquittal on the more serious charge of attempted first degree murder. The court found that, "[i]n truth trial counsel's performance was, taken as a whole, all that [the petitioner] could have hoped for and more." (DE# 14-5, p. 18).

The petitioner appealed the denial of his motion. The public defender filed an Anders brief, thereafter the petitioner filed a pro se brief. (DE# 14-6, p. 23-56). On April 25, 2012, the appellate court affirmed the denial of the motion. Scott v. State, 86 So.3d 1133 (Fla. 3d DCA 2012)(table). Mandate issued on May 21, 2012. (DE# 14-6, p. 62). There have been no further motions in state court.

The petitioner filed the instant petition on September 10, 2012.[2] He raises three issues. His first claim is that the trial

---

[2] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

court abused its discretion in denying his motion for mistrial after the prosecutor argued that a conviction for a lesser offense would not reflect the crimes committed and result in lesser punishment than deserved for the petitioner's actual conduct. His second claim includes three sub-claims that counsel was ineffective for the same reasons raised in his state motion for post conviction relief. In his third claim, the petitioner argues that the state appellate court's per curiam affirmance of the denial of his motion for post conviction relief denied him due process.

### III. Statute of Limitations and Exhaustion

The state properly concedes that the petition was filed timely. The state also concedes that the petitioner's first and second claims raised have been exhausted. The issue of the exhaustion of petitioner's third claim, that the per curiam affirmance of the denial of his motion for post conviction relief denied him due process with be discussed below.

### IV. Standard of Review

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the State court. 28 U.S.C. § 2254(d)(1), (2); see Williams v. Taylor, 529 U.S. 362, 405-06 (2000); Fugate v. Head, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent

within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 405-06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. Hall v. Head, 310 F.3d 683, 690 (11th Cir. 2002) (citing Williams, 529 U.S. at 412). However, in adjudicating a petitioner's claim, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. See Early v. Packer, 537 U.S. 3, 8 (2002); Parker v. Sec'y, Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. Id. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001).

The petitioner raises several claims of ineffective assistance of counsel. The United States Supreme Court clearly established the law governing claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). Strickland requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. Id. at 690. As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. Id. The

6

judiciary's scrutiny of counsel's performance is highly deferential. Id. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. Id. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. Id.

A defendant must satisfy both the deficiency and prejudice prongs set forth in Strickland to obtain relief on an ineffective assistance of counsel claim. Failure to establish either prong is fatal and makes it unnecessary to consider the other. Strickland, 466 U.S. at 697.

Combining AEDPA's habeas standard and Strickland's two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, a petitioner must show the state court "applied Strickland to the facts of his case in an objectively unreasonable manner" when it rejected his claims of ineffective assistance of counsel. Bell v. Cone, 535 U.S. 685, 699 (2002).

## V. Discussion

As will be discussed below, the petitioner is not entitled to relief on any of his claims. The state court's rulings on the claims were not contrary to, or an unreasonable application of, controlling federal precedent.

### A. Prosecutor's Closing Argument

The petitioner's first claim is that the prosecutor's argument that a conviction for the lesser offense of discharge of a firearm

7

in public was not sufficient to punish the petitioner for his actual conduct. He seems to argue that the trial court abused its discretion by not granting a mistrial after this argument.

This claim was raised on direct appeal. The appellate court affirmed without a written opinion. Nevertheless, this claim was properly denied by the state court. As noted above, a state court need not cite Supreme Court decisions and the nor even be aware of the Supreme Court cases. See <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y, Dep't of Corr.</u>, 331 F.3d 764, 775-76 (11th Cir. 2003).

In assessing the propriety of closing argument on habeas review "[t]he relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" <u>Darden v. Wainwright</u>, 477 U.S. 168, 181 (1986)(quoting <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637 (1974). "[T]he appropriate standard of review for such a claim on writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." <u>Id.</u> (quoting <u>Donnelly</u> at 642).

In closing argument the prosecutor, in a discussion about the lesser included offenses, argued that although the petitioner was guilty of discharge of a firearm in public he was also guilty of much more serious conduct. The prosecutor argued that if the jury were to find the petitioner guilty of only that charge it would not be "accurate punishment for everything he did." The prosecutor made the same argument regarding the charge of improper exhibition of a weapon. The trial court overruled the objections but directed the prosecutor to stay away from punishment aspects in argument. The prosecutor made no further mention of punishment in closing

argument.

The argument of the prosecutor was not improper. The prosecutor was persuasively arguing that the petitioner was guilty of more than simply discharging a firearm or improper display of a weapon. Although he mentioned the word punishment, he did not indicate the penalty the petitioner would face. He merely argued that the evidence established that the petitioner was guilty of more than the lesser included offenses and should be held accountable for his actual conduct as proven. The argument did not so infect the trial that it denied the petitioner due process. The state court's denial of this claim was proper and this claim should be denied.

B. Ineffective Assistance of Counsel

The petitioner raises three claims of ineffective assistance of counsel. The first two of these claims involve counsel's performance relating to the admission into evidence of a bullet. The petitioner first claims that counsel failed to retain a ballistics expert or redepose two witnesses after the bullet was disclosed as evidence. The petitioner also claims that counsel was ineffective for failing to object to the introduction of the bullet on a chain of custody objection. The first two claims will be discussed together in that the prejudice prong involves the same analysis. In his third claim, the petitioner contends that counsel was ineffective for conceding his guilt on the aggravated assault charge. This claim will be discussed below.

1. The Bullett

The petitioner first contends that counsel was ineffective for failing to conduct a proper investigation prior to trial. He contends that counsel should have redeposed the witness who found

the bullet, the crime scene technician who initially searched for a bullet in the vehicle and the detective who took custody of the bullet. He further argues that counsel should have retained a ballistics expert. Finally the petitioner argues that counsel should have objected to the introduction of the bullet due to alleged defects in the chain of custody.

This claim was raised in the petitioner's motion for post conviction relief. The trial court denied this claim simply finding that it was not meritorious. The trial court did not expound upon its rationale for denying this claim. Similarly the appellate court did not expressly address this claim in affirming the denial of the motion for post conviction relief. Despite the lack of written rationale, these two claims were properly denied.

The common thread running through the petitioner's first two claims of ineffective assistance of counsel is the bullet. The petitioner's argument is that counsel was ineffective for failing to prepare a defense for the bullet or have the bullet excluded from evidence. He believes that the admission of the bullet was prejudicial.

The petitioner does not allege how counsel's further investigation of the bullet could have benefitted him. In any event, review of counsel's cross examination regarding the bullet reflects that he did in fact attempt to create a defense against the bullet. He established through the detective that he did not personally know where the bullet came from and had to rely on the victim's sister's word that she found it in the vehicle. Counsel further conducted a voir dire of the victim's sister regarding the chain of custody of the bullet. The evidence also shows that the state had presented the proper foundation to establish the chain of

10

custody for the bullet. Any objection based upon chain of custody would have been meritless. The petitioner thus cannot establish that counsel's performance was deficient.

The petitioner has not explained how a ballistics expert would have been beneficial. The state did not produce the gun so there would have been no opportunity to either match or exclude the bullet as being fired from a particular firearm. Thus the petitioner cannot establish that the failure to retain a ballistics expert was deficient performance.

Even assuming that there were grounds for excluding the bullet, the petitioner cannot establish that he was prejudiced by its admission into evidence. In addition to the bullet, the state presented substantial competent evidence of the petitioner's guilt. The petitioner was identified by three witnesses, each of whom personally knew the petitioner. The three witnesses described how the petitioner approached his wife, yelled at her, and began shooting. There was also testimony regarding bullet holes in the vehicle. As was noted by trial counsel, this case was not a "whodunit". The evidence of the petitioner's guilt was overwhelming and the admission of the single bullet had little if any effect on the ultimate outcome of the trial. Thus, even if the question of counsel's performance was deficient, these claims regarding the bullet should be denied because the petitioner cannot establish the prejudice prong of the Strickland analysis.

2. Concession of Guilt

The petitioner next contends that counsel was ineffective for conceding his guilt on the charge of aggravated assault. He argues that counsel lacked an understanding of the elements of aggravated assault and that this led to an inadvertent concession of guilt on

11

that charge.

This claim was raised in the petitioner's motion for post conviction relief. The state court denied this claim in a rather lengthy order specifically addressing both prongs of the Strickland standard. The court ultimately found that counsel did concede guilt. The court found that the concession was without the knowing agreement of the petitioner and was based on a misunderstanding of the elements of the crime. The court concluded that counsel's performance on this point was deficient, but that the petitioner was not prejudiced due to the overwhelming evidence of guilt. It should be noted that, although the state court found counsel's performance to be deficient on this narrow issue, the overall performance of counsel was found to be the best the petitioner could have hoped for in light of the acquittal on the charge of attempted first degree murder.

The state court properly found no prejudice resulted from counsel's concession of guilt on the charge of aggravated assault. The state court found that counsel had in fact conceded the charge of aggravated assault and that such concession was based upon a misunderstanding of the elements of aggravated assault.[3] Despite this finding, the state court found that the petitioner was not prejudiced by the concession. This was a reasonable conclusion given the evidence of the petitioner's guilt. Notwithstanding counsel's concession of guilt on the charge of aggravated assault, the state had presented sufficient evidence of the petitioner's

---

[3] Counsel's concession of guilt consisted of his argument that the petitioner did not intend to harm or kill his wife but only meant to scare her. "Aggravated assault requires proof of a specific intent to do violence to the person of another." Lavin v. State, 754 So.2d 784, 787 (Fla. 3d DCA 2000)(citing §§ 784.011, 784.021, Fla. Stat. (1997); State v. White, 324 So.2d 630, 631 (Fla.1975); State v. Shorette, 404 So.2d 816, 817 (Fla. 2d DCA 1981).

guilt. In light of the this evidence, and the jury's acquittal of the petitioner on the greater charge of attempted first degree murder, it cannot be said that the concession prejudiced the petitioner. If anything, counsel's argument persuaded the jury that the petitioner had no intent to kill his wife, resulting in his acquittal for attempted first degree murder. As noted by the trial court, counsel's overall performance was more than he could have hoped for given the evidence against him. This claim should be denied.

C. Per Curiam Affirmance

In his final claim the petitioner contends that the State appellate court's per curiam affirmance of the denial of his motion for post conviction relief denied him due process. He argues that the per curiam affirmance denied him an opportunity to pursue his appeal to the Florida Supreme Court.

This claim was not raised in State court. The state has argued that this claim is unexhausted. The argument is well taken. The petitioner has failed to avail himself of Florida Rule of Appellate Procedure 9.330(a). Under this rule:

> When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for supreme court review, the motion may include a request that the court issue a written opinion.

The petitioner has not alleged, and the undersigned can find no evidence, that a motion requesting a written opinion was filed. The rule requires that such a motion be filed within 15 days of the rendering of the opinion. Fla.R.App.P. 9.330(a). Any attempt by the petitioner to file such a motion at this time would be denied as untimely. Having failed to exhaust this claim the petitioner cannot now raise it in a federal habeas proceeding.

13

Even if the claim had been exhausted, it would not merit relief. A due process violation in state post-conviction actions cannot provide a basis of for federal habeas relief. See Carroll v. Sec'y, Dep't of Corr., 574 F.3d 1354, 1365 (11th Cir.2009); Quince v. Crosby, 360 F.3d 1259, 1262 (11th Cir.2004). "The reasoning behind this well-established principle is straightforward: a challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment- i.e., the conviction itself-and thus habeas relief is not an appropriate remedy." Carroll at 1365 (citing Quince at 1261-62 and Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir.1987)). Here the petitioner claims that he was denied due process because the appellate court's decision affirming the denial of his motion for post conviction relief did not permit appeal to the Florida Supreme Court. In as much as this claim arose during post conviction proceedings this claim is not cognizable in this federal habeas review. This claim should be denied as unexhausted and because such a claim is not subject to review under § 2254.

## VI. Certificate of Appealability

As amended effective December 1, 2009, §2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. §2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rules Governing §2254 Proceedings, Rule 11(b), 28 U.S.C. foll. §2254.

After review of the record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may

issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. Slack v. McDaniel, 529 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). See also Eagle v. Linahan, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised are clearly without merit, Petitioner cannot satisfy the *Slack* test. Slack, 529 U.S. at 484.

As now provided by Rules Governing §2254 Proceedings, Rule 11(a), 28 U.S.C. foll. §2254: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be denied, that no Certificate of Appealability issue and the case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this 5th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

```
cc:   John A. Scott, pro se
      DC#B05351
      Jackson Correctional Institution
      5563 10th Street
      Malone, FL 32445

      Joanne Diez, AAG
      Office of the Attorney General
      444 Brickell Ave., Suite 650
      Miami, FL 33131
```